Rose CADDEN, Appellant,

v.

James J. CADDEN, Sr., Appellee.

Court of Appeals of Kentucky.

Oct. 29, 1954.

Vincent J. Hargadon, Louisville, for appellant.

J. Walter Clements, Louisville, for appellee.

WADDILL, Commissioner.

In the judgment granting James J. Cadden, Sr., a divorce from bed and board under KRS 403.050, the Chancellor awarded Mrs. Cadden the custody of their infant son, subject to specified visitation of the

child by Mr. Cadden, and allowed her $100 per month for the child's support; adjudged that Mr. Cadden pay the costs of the action, including the allowance of $1,000 to Mrs. Cadden's attorney, and awarded Mrs. Cadden the use of certain furniture, furnishings and fixtures which the parties owned at the time of their separation. The Chancellor dismissed Mrs. Cadden's petition for a divorce "without prejudice to its being amended in due course to seek a divorce for five years' separation," and entered a similar order in dismissing Mr. Cadden's counterclaim for an absolute divorce. The judgment also denied Mrs. Cadden alimony, but retained the action on the docket "for further appropriate proceeding concerning the custody and support of the infant child; for divorce by either party from the other when they have lived apart for five years without cohabitation; and for a settlement of the property rights of the parties."

On this appeal Mrs. Cadden is insisting that she was entitled to an absolute divorce and alimony, and a settlement of her property rights. Since the applicable rules of law are well settled in this character of case, and the facts are neither novel nor of general interest, we shall not set forth the indecorous and multifarious charges made by Mrs. Cadden against her husband and certain members of his family. It is sufficient to say that the evidence offered in support of her charges of cruelty against her husband was wholly insufficient to entitle her to a divorce.

The evidence offered in support of Mr. Cadden's side of the case was amply sufficient for the Chancellor to grant him a divorce from bed and board, and in our opinion, the Chancellor would have been justified in giving him an absolute divorce.

Although Mrs. Cadden was denied alimony, the Chancellor has indicated by the order entered that he will consider anew the "rights of the parties" when the case comes before him again. We observe that Mrs. Cadden will be benefited to some extent under the sum allowed for the maintenance of her infant son, and will also receive several thousand dollars from funds impounded in court when the Chancellor enters an order concerning the settlement of her property rights.

Considering all phases of the case, we think the Chancellor has proceeded to reach an equitable solution of the difficult problems presented by the parties, and at this stage of the case, we find that the Chancellor has not abused his discretion in entering the order appealed from.

Judgment affirmed.